```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

JAMES L. WOOD,                )
                              )
        Plaintiff             )
                              )      No. 3:13-0598
v.                            )      Judge Trauger/Brown
                              )      **Jury Demand**
DIETICIAN ADRIEN/ADRIAN,      )
                              )
        Defendant             )

## **O R D E R**

A Rule 16 case management conference was held in this matter on October 10, 2013. Just before the hearing convened the Magistrate Judge was notified that a conservator had been appointed for the Plaintiff regarding his medical and psychiatric examinations and treatment. The **Clerk** will file a copy of the order for appointment of the conservator as an exhibit to this order.

Mr. Keith Turner was appointed conservator for the Plaintiff Wood in this matter. The **Clerk** shall enter Mr. Turner as an interested party in this matter. Mr. Turner was able to attend the hearing and he advised that he would be talking to the Department of Corrections about Plaintiff's diet and his ongoing medical condition.

The Magistrate Judge secured the Plaintiff's medical records from Meharry and the Plaintiff was provided a copy of those records at the hearing. The records are very voluminous.

Attorneys for the Defendant, as an initial matter, pointed out that the only named Defendant does not have the final authority to make a decision concerning the Plaintiff's diet. That

decision is made by the institution's physician. They requested that the Plaintiff consider dismissing the dietician from this litigation and refiling, naming the institution's physician.

In reading the order for appointment of the conservator it appears that part of the Plaintiff's problems have been that he has admitted to feigning various conditions for the purpose of obtaining a favorable outcome. Unfortunately this causes a great deal of harm to his credibility. During the course of the hearing the Plaintiff stated that he had sued the dietician because he was told that she was the final authority. Yet, attached to his complaint, was a response to his grievance about his diet that clearly stated that orders concerning his diet must come from a TDOC physician to be valid.

The Plaintiff may have until **November 21, 2013,** to amend his complaint or to advise the Court that he intends to dismiss the case. If the Plaintiff does amend his complaint to drop the dietician and add in her place the prison's physician, he should cite to specific places in the medical records from Meharry that he has been provided, to show that the Meharry oncologist specifically recommended an specific increased diet.

The Plaintiff should also keep in mind that as a general rule mere disagreements about treatments between physicians does not rise to the level of a constitutional violation. It involves more of a negligence or malpractice case, and in order to file such a suit there are a number of Tennessee statutory requirements that

2

must be met and the case might have to be filed in state court because of jurisdictional limits.

In view of the evidence concerning the appointment of a conservator, albeit for the limited purposes of medical and mental treatment, it appears that this is an exceptional case that does justify the appointment of counsel. The request (Docket Entry 18) is GRANTED. The clerk is directed to see if there is an attorney who is willing to take this case.

The Magistrate Judge would suggest that the Plaintiff give serious consideration to see if this matter can be worked out with the prison system where the parties can agree on his diet and this case can be dismissed. Mr Turner said he could work on this with TDOC as it is part of the Plaintiff's medical and mental treatment. Mr Turner cannot undertake representation of the Plaintiff in this civil litigation.

If counsel can be found that counsel may request an extension of time to consider the status of this case.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

3